**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4053

DARYL E. SPENCER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-90-117)

Submitted: July 23, 1996

Decided: August 2, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, John L. File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daryl Emmett Spencer appeals the revocation of his supervised release term and imposition by the district court of the statutory maximum term of imprisonment pursuant to 18 U.S.C.A.§ 3583(e)(3) (West Supp. 1996). Spencer's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but raising two issues: (1) that the district court erred in revoking Spencer's supervised release term, given that Spencer was willing to obtain inpatient drug treatment, domestic violence counseling, and serve six months in community confinement; and (2) that the district judge abused its discretion in imposing the statutory maximum sentence. Spencer was notified of his right to file an additional brief, which he failed to do.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. We find that the district court properly revoked Spencer's term of supervised release based on his admitted violations of the conditions of such release, including twenty-seven separate instances of possession of a controlled substance, and Spencer's failure to cease using narcotics after previously receiving treatment, education, and counseling. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Moreover, the court's revocation decision was not unduly harsh given the absence of persuasive evidence that Spencer would not continue to violate the conditions of his release. Finally, we find that the statutory maximum sentence imposed by the district judge was proper under the law, and that the district judge's rejection, after consideration, of the more lenient sentence suggested by the Chapter 7 United States Sentencing Guidelines policy statements* does not constitute an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

_____

*See USSG § 7B1.4(a).

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3